1
2
3
4
5

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Scott G. Braden (SBN 305051)
scott@lcllp.com
9171 Towne Centre Dr, Ste 180
San Diego, CA 92122
Tel:     (619) 762-1910
Fax:    (858) 313-1850

6
7

*Attorneys for Plaintiff*
*and Proposed Class Counsel*

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| D.O., individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>7TABZ RETAIL, LLC, doing business as 7TABZ,<br><br>                    Defendant. | Case No. 2:25-cv-04306-PA-RAO<br><br>***EX PARTE* APPLICATION FOR LEAVE TO PROCEED UNDER PSEUDONYM**<br><br>Judge:    Hon. Percy Anderson<br>Crtrm.:   9A, 9th Floor |

17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff D.O. ("Plaintiff") moves the Court to proceed with his class action complaint under his initials, and to use his initials in all other public-facing, identifying documents during the pendency of the case. The basis for the motion is that publicizing Plaintiff's true name will cause him harm.

Plaintiff is unable to comply with Local Civil Rule 7-19 at this time because Defendant has not yet appeared in this action and, on information and belief, has not retained counsel. The Complaint was filed on May 13, 2025, and served on May 21, 2025, and no notice of appearance or responsive pleading has been filed. As such, there is no opposing counsel to whom notice of this *ex parte* application could be given. Plaintiff will promptly notify defense counsel of this application should counsel appear before the Court rules. The nature of the complaint is that Defendant marketed and sold 7-hydroxymitragynine ("7-OH")—a potent, unregulated, and highly addictive semi-synthetic compound derived from kratom. While kratom itself is already known to act on opioid receptors in the brain in a manner similar to morphine or oxycodone, 7-OH is exponentially more powerful. It binds more strongly to mu-opioid receptors and produces effects that more closely resemble those of heroin or fentanyl. As a result, users experience intense physical dependency, severe withdrawal symptoms, and profound psychological distress. The stigma surrounding 7-OH addiction is arguably greater than that associated with kratom use, as 7-OH lacks any perceived traditional or herbal use and is widely viewed as a designer opioid. Given the deeply personal and socially stigmatized nature of these allegations, pseudonym protection is warranted.

Plaintiff developed a severe addiction to 7-OH, resulting in significant physical, financial, and psychological harm. Litigating this case will necessarily require disclosure and discussion of deeply personal matters, including Plaintiff's addiction history, medical background, and associated trauma. The stigma attached to opioid-related addiction—especially to a compound as potent and little understood as 7-OH—is pervasive and damaging. Public exposure of Plaintiff's identity would risk substantial harm to his personal relationships, professional reputation, and emotional well-being. Courts have

routinely recognized that addiction-related allegations justify pseudonym protection. In fact, motions to proceed anonymously have been granted in nearly identical cases involving plaintiffs addicted to kratom or its derivatives. *See, e.g.*, *C.B. v. Martian Sales, Inc.*, No. 37-2023-00007558-CU-FR-CTL (San Diego Super. Ct. Mar. 7, 2023) (order granting pseudonym motion); *C.M. et al. v. Martian Sales, Inc.*, No. 3:23-cv-06202 (N.D. Cal.); *B.D. et al. v. MIT45 Inc.*, No. 3:24-cv-00499 (S.D. Cal.).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PLAINTIFF MAY REQUEST ANONYMITY

Rule 10(a) provides that "the complaint must name all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, a party may proceed under a pseudonym "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," including when necessary to "'protect a person from harassment, injury, ***ridicule or personal embarrassment***.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (emphasis added) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); *see also United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008).

> Federal courts "have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm]; (2) when anonymity is necessary 'to ***preserve privacy in a matter of sensitive and highly personal nature***;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution … a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'"

*Doe v. Lincoln Unified School Dist.*, 188 Cal.App.4th 758, 767 (2010) (emphasis added) (internal citations omitted).

### II.     PLAINTIFF WOULD SUFFER HARM AND EMBARRASSMENT IF HIS NAME WERE DISCLOSED, GIVEN THE EXTREME STIGMA ASSOCIATED WITH ADDICTION TO 7-HYDROXYMITRAGYNINE

Addiction—especially to opioid-like substances—remains one of the most highly stigmatized conditions in American society. From 19th-century fears of opium dens to

the criminalization campaigns of the modern drug war, individuals suffering from substance use disorders have long been marginalized, vilified, and shamed. This stigma persists today, particularly with respect to synthetic or semi-synthetic opioid analogues.

Plaintiff became addicted to 7-OH, a highly potent and unregulated derivative of the kratom plant. While kratom itself acts on the brain's opioid receptors in a manner similar to morphine, 7-OH is far more powerful—producing effects and withdrawals more akin to heroin or fentanyl. As a result, Plaintiff suffered physical, psychological, and financial harm. Public disclosure of his identity would inevitably subject him to humiliation and reputational damage—particularly in today's digital age, where court filings are easily indexed and permanently accessible online.

There is little doubt that media and public interest in this case will grow. The federal government's failed 2016 attempt to schedule kratom generated more than 20,000 public comments. As the public dialogue around kratom and its derivatives reignites, Plaintiff faces the very real risk that a simple Google search of his name will forever associate him with addiction to a powerful opioid-like compound. That consequence is deeply personal, unnecessary, and avoidable.

California courts have explicitly recognized the need for pseudonym protection in similarly sensitive cases. In *Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436, 1452 (2008), the Court affirmed the appropriateness of pseudonyms in protecting individuals from the stigma of prior drug offenses. The court emphasized that nondisclosure measures, including pseudonyms or initials, may be necessary to shield plaintiffs from reputational harm caused by past drug use. *Id.* at 1449–52.

Likewise, in *People v. Thomas*, the California Supreme Court held that the moral stigma of being labeled a narcotics addict was so severe that the state must meet the "beyond a reasonable doubt" standard to involuntarily commit a person for drug treatment. 19 Cal. 3d 630, 644 (1977). *See id.* at 644 ("[a] person committed as a narcotics addict suffers so severe a curtailment of liberty and *so lingering a moral stigma* that he is entitled to the same standard of proof beyond a reasonable doubt accorded to

a criminal defendant.") (emphasis added). And in *People v. Englebrecht*, 88 Cal. App. 4th 1236, 1253 (2001), the court found that the social stigma of being branded a drug addict exceeded even that of being labeled a gang member.

Federal courts are in accord. The Ninth Circuit permits parties to proceed under pseudonyms where necessary "to preserve privacy in a matter of sensitive and highly personal nature." *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Anonymity is also appropriate "to protect a person from harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981); see also *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (recognizing "social stigmatization" as among the most compelling reasons for anonymity).

Under *Advanced Textile*, courts must weigh (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the potential prejudice to the opposing party, and (4) the public interest in open judicial proceedings. 214 F.3d at 1068 ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."). Here, there is no prejudice to Defendant—who has yet to even appear—and the public's ability to follow the case is entirely unaffected by the pseudonym. As the Ninth Circuit held, "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Id.* at 1068–69 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

On the other hand, the harm to Plaintiff is immediate, concrete, and irreversible. Disclosure of his identity would not only brand him an opioid addict in perpetuity but also expose him to potential retaliation from a powerful and politically active industry. Defendant is believed to be one of the largest 7-OH sellers in the country. The community surrounding this product has organized against regulation in the past, and

this litigation could spark similar backlash. That is precisely the kind of chilling effect on civil enforcement that pseudonym protection exists to prevent.

Ultimately, this is a consumer protection action brought in the public interest. The identity of a single class representative is of little consequence compared to the broader question of whether Defendant's conduct was lawful. If pseudonym protection is denied, Plaintiff respectfully requests that he be afforded the affirmative opportunity to decide whether to proceed under his full legal name. Specifically, Plaintiff asks that the Court grant thirty (30) days from the date of any such denial to file an amended complaint identifying himself. If no such amended complaint is filed within that period, the action may be dismissed without prejudice.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to proceed under a pseudonym. In the alternative, if the Court denies pseudonym protection, Plaintiff asks that he be granted thirty (30) days to determine whether to file an amended complaint under his full name. If no such filing is made, the matter may be dismissed without prejudice.

Dated: June 4, 2025                  **LYNCH CARPENTER, LLP**

By:  */s/ Todd D. Carpenter*
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Scott G. Braden (SBN 305051)
scott@lcllp.com
9171 Towne Centre Dr, Ste 180
San Diego, CA 92122
Tel:   (619) 762-1910
Fax:   (858) 313-1850

*Attorneys for Plaintiff*
*and Proposed Class Counsel*