1  Kim S. Sandell (SB# 252321)
      *Kim.Sandell@ThompsonHine.com*
2  **THOMPSON HINE LLP**
   2049 Century Park East, Suite 3500
3  Los Angeles, California 90067-3217
   Phone: (310) 998-9100 • Fax: (310) 998-9109
4
   Seth A. Litman (*Pro Hac Vice*)
5     *Seth.Litman@ThompsonHine.com*
   Irvin Hernandez (*Pro Hac Vice*)
6     *Irvin.Hernandez@ThompsonHine.com*
   **THOMPSON HINE LLP**
7  Two Alliance Center
   3560 Lenox Road NE, Suite 1600
8  Atlanta, Georgia 30326-4266
   Phone: (404) 541-2967 • Fax: (404) 541-2905
9
   Joseph A. Smith (*Pro Hac Vice*)
10    *Joe.Smith@ThompsonHine.com*
   **THOMPSON HINE LLP**
11 1919 M Street, N.W., Suite 700
   Washington, D.C. 20036-3537
12 Phone: (202) 973-2754 • Fax: (202) 331-8330

13 *Attorneys for Defendant 7Tabz Retail, LLC,*
   *doing business as 7Tabz*
14
                    UNITED STATES DISTRICT COURT
15
                  CENTRAL DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| 17 D.O., individually and on behalf of all others similarly situated, | Case No. 2:25-cv-04306-PA-RAO |
| 18  Plaintiff, | **DEFENDANT 7TABZ RETAIL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 19  v. | |
| 20 7TABZ RETAIL, LLC, doing business as 7TABZ, | *Filed concurrently with Declaration of Seth A. Litman, Request for Judicial Notice and [Proposed] Orders* |
| 21  Defendant. | |
| 22 | Date:     November 3, 2025 |
| 23 | Time:     1:30 p.m. Crtrm:    9A, 9th Floor |
| 24 | Hon. Percy Anderson |
| 25 | |
| 26 | Trial Date:       None Set Complaint Filed: May 13, 2025 |
| 27 | FAC Filed:       August 8, 2025 |
| 28 | |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 3, 2025 at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 9A, 9th Floor of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, before the Honorable Percy Anderson, Defendant 7TABZ RETAIL, LLC, doing business as 7TABZ ("7Tabz") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing the Complaint with prejudice as follows: Plaintiff's First Claim for Relief for Violation of California's Unfair Competition Law; Second Claim for Relief for Violation of California's False Advertising Law; Third Claim for Relief for Violation of California's Consumer Legal Remedies Act; Fourth Claim for Relief for Breach of Implied Warranty; Fifth Claim for Relief for Unjust Enrichment; and Sixth Claim for Relief for Fraud by Omission each fails to state facts sufficient to state a cause of action and is preempted by the Federal Food, Drug and Cosmetic Act.  Plaintiff also lacks standing to seek injunctive relief.

Pursuant to the Central District of California Local Rules, L.R. 7-3, counsel for the parties met and conferred telephonically and by email on multiple occasions beginning on or about August 21, 2025.  Declaration of Seth A. Litman ("Litman Decl.") ¶¶ 2-3.  These meet and confers were unsuccessful at resolving the issues raised by 7Tabz, necessitating this Motion.  Litman Decl. ¶ 4.

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Seth A. Litman, the Request for Judicial Notice and Exhibits filed concurrently herewith, all other materials supporting the Motion, or the Reply filed in support thereof, and such arguments and authorities as may be presented at or before the hearing.

Dated:  October 6, 2025                    Kim S. Sandell

                                           THOMPSON HINE LLP


                              By:  */s/Kim S. Sandell*
                                           Kim S. Sandell

                                           Attorneys for Defendant 7Tabz Retail,
                                           LLC, doing business as 7Tabz

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION......................................................................................11

II.    BACKGROUND AND PLAINTIFF'S ALLEGATIONS ..........................12

    A.    PARTIES.........................................................................................12

    B.    KRATOM AND 7-OH'S BACKGROUND......................................13

    C.    PLAINTIFF'S VAGUE AND CONTRADICTORY COMPLAINT13

III.   ARGUMENT ...........................................................................................14

    A.    PLAINTIFF'S CLAIMS ARE PREEMPTED .................................14

        1.    Plaintiff's Claims Are Preempted By FDCA. .........................14

        2.    Plaintiff's California Law Claims Are Not Parallel To
            FDCA Requirements. ...............................................................18

    B.    PLAINTIFF'S WARRANTY CLAIMS FAIL BECAUSE HE
        FAILED TO PROVIDE REQUISITE NOTICE AND FAILS TO
        SUFFICIENTLY ALLEGE THE REQUISITE ELEMENTS. .........20

        1.    Failure To Give Adequate Pre-Suit Notice On A Warranty
            Claim Is Fatal To The Claim. ...................................................20

        2.    Plaintiff And His Putative Nationwide Class Lack Privity
            To Support An Implied Warranty Claim...................................22

        3.    Plaintiff Fails To State An Implied Warranty Claim
            Because There Is No Agreement Between 7Tabz And
            Plaintiff, Including The Putative Nationwide Class, Nor
            Does Plaintiff Allege Affirmations On The Packaging To
            Which 7Tabz Did Not Conform. ..............................................24

        4.    Plaintiff's Putative Nationwide Claim Fails Because It
            Cites No Supporting Authority.................................................26

    C.    PLAINTIFF'S CLRA CLAIMS FAIL BECAUSE HE DID NOT
        PROVIDE THE REQUISITE 30-DAY NOTICE.............................27

    D.    PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A FALSE
        ADVERTISING LAW CLAIM.......................................................28

    E.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS UNDER
        CALIFORNIA LAW AND IS NOT PROPERLY ALLEGED TO
        SUPPORT A NATIONWIDE CLASS.............................................29

    F.    PLAINTIFF LACKS STANDING FOR INJUNCTIVE RELIEF....30

G.    PLAINTIFF'S FRAUD-BASED CLAIMS FAIL BECAUSE THEY LACK THE REQUISITE PARTICULARITY UNDER RULE 9(B) 31

H.    PLAINTIFF'S CONSUMER-PROTECTION BASED CLAIMS FAIL BECAUSE 7TABZ PROPERLY DISCLOSED THE RISKS 33

IV.    CONCLUSION .............................................................................. 35

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THOMPSON HINE LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

5

*Alvarez v. Chevron Corp.*,
    656 F.3d 925 (9th Cir. 2011) ....................................................................... 20, 21

6

7

*In re Ambry Genetics Data Breach Litig.*,
    567 F. Supp. 3d 1130 (C.D. Cal. 2021) ........................................................... 30

8

9

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ................................................................................. 14

10

11

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ........................................................................... 29

12

13

*Augustine v. Talking Rain Beverage Co., Inc.*,
    386 F. Supp. 3d 1317 (S.D. Cal. 2019) ........................................................... 26

14

15

*Balistreri v. Pac. Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ........................................................................... 14

16

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) ......................................................................... 33

17

18

19

*Bobo v. Optimum Nutrition, Inc.*,
    No. 14CV2408 BEN (KSC), 2015 U.S. Dist. LEXIS 187233 (S.D.
    Cal. Sep. 11, 2015) .......................................................................................... 34

20

21

*Briosos v. Wells Fargo Bank*,
    737 F. Supp. 2d 1018 (N.D. Cal. 2010) ........................................................... 31

22

23

*Callaghan v. BMW of N. Am., LLC*,
    No. 13-cv-04794-JD, 2014 U.S. Dist. LEXIS 164290 (N.D. Cal.
    Nov. 21, 2014) ................................................................................................. 29

24

25

*Cattie v. Wal-Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D. Cal. 2007) ............................................................. 27

26

27

*Clark v. California Dep't of Forestry and Fire Prot.*,
    212 F. Supp. 3d 808 (N.D. Cal. 2016) ............................................................. 14

28

THOMPSON HINE LLP
ATTORNEYS AT LAW
LOS ANGELES

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ............................................................................ 22

*Collyer v. Catalina Snacks Inc.*,
    712 F. Supp. 3d 1276 (N.D. Cal. 2024) .............................................................. 23

*Corbett v. Pharmacare U.S., Inc.*,
    544 F. Supp. 3d 996 (S.D. Cal. 2021) ........................................................... 23, 24

*Darisse v. Nest Labs, Inc.*,
    No. 5:14-cv-01363-BLF, 2016 U.S. Dist. LEXIS 107938 (N.D. Cal.
    Aug. 15, 2016) ..................................................................................................... 26

*Eisen v. Porsche Cars N. Am., Inc.*,
    No. CV 11-9405 CAS, 2012 U.S. Dist. LEXIS 116836 (C.D. Cal.
    Feb. 22, 2012) ...................................................................................................... 32

*In re Gilead Scis. Secs. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ............................................................................ 14

*Guzzetta v. Ford Motor Co.*,
    No. 221CV09151MEMFPVCX, 2022 WL 18674949 (C.D. Cal.
    Nov. 29, 2022) ..................................................................................................... 24

*In re Hitachi TV Optical Block Cases*,
    No. 08cv1746 DMS (NLS), 2011 U.S. Dist. LEXIS 135 (S.D. Cal.
    Jan. 3, 2011) ........................................................................................................ 26

*Hope Med. Enters. v. Fagron Compounding Servs., LLC*,
    No. 2:19-CV-07748-CAS-PLAx, 2021 U.S. Dist. LEXIS 245408
    (C.D. Cal. Apr. 20, 2021) ................................................................................... 18

*Imagenetix, Inc. v. Frutarom USA, Inc.*,
    No. 12CV2823-GPC(WMC), 2017 U.S. Dist. LEXIS 41731 (S.D.
    Cal. Mar. 22, 2017) ............................................................................................. 21

*James v. Chocmod USA Inc.*,
    773 F. Supp. 3d 945 (E.D. Cal. 2025) ................................................................ 25

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................ 31

*Kulp v. Munchkin, Inc.*,
    678 F. Supp. 3d 1158 (C.D. Cal. 2023) .......................................................... 28

*Lam v. General Mills, Inc.*,
  859 F. Supp. 2d 1097 (N.D. Cal. 2012).................................................. 25

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ............................................................... 14

*Oxygenated Fuels Ass'n v. Davis*,
  331 F.3d 665 (9th Cir. 2003) ......................................................... 14, 15

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013) ............................................................. 15

*Romero v. Flowers Bakeries, LLC*,
  No. 14-cv-05189-BLF, 2016 U.S. Dist. LEXIS 15868 (N.D. Cal.
  Feb. 8, 2016)....................................................................................... 29

*Romero v. HP, Inc.*,
  No. 16-CV-05415-LHK, 2017 U.S. Dist. LEXIS 11859 (N.D. Cal.
  Jan. 27, 2017)...................................................................................... 30

*Seldin v. HSN, Inc.*,
  No. 17-cv-2183-AJB-MDD, 2018 U.S. Dist. LEXIS 124719 (S.D.
  Cal. July 25, 2018).............................................................................. 33

*Shin v. Sanyo Foods Corp. of Am.*,
  348 F.R.D. 477 (C.D. Cal. 2025) ........................................................ 23

*Stewart v. Electrolux Home Prods., Inc.*,
  304 F. Supp. 3d 894 (E.D. Cal. 2018).................................................. 28

*Taylor v. Westly*,
  488 F.3d 1197 (9th Cir. 2007) ............................................................. 30

*Thomas v. Costco Wholesale Corp.*,
  No. 12-cv-02908-BLF, 2014 U.S. Dist. LEXIS 159475 (N.D. Cal.
  Nov. 12, 2014)..................................................................................... 23

*In re Trader Joe's Co. Dark Chocolate Litig.*,
  726 F. Supp. 3d 1150 (S.D. Cal. 2024) ................................................ 26

*Vinci v. Hyundai Motor Am.*,
  No. SA CV 17-0997-DOC, 2018 U.S. Dist. LEXIS 139979 (C.D.
  Cal. Apr. 10, 2018) .......................................................................... 26

*Vitiosus v. Alani Nutrition, LLC*,
No. 21-cv-2048-MMA (MDD), 2022 U.S. Dist. LEXIS 118090
(S.D. Cal. July 5, 2022) ...................................................................................... 29

*Waller v. Hewlett Packard Co.*,
No. 11CV0454-LAB RBB, 2011 WL 6325972 (S.D. Cal. Dec. 16,
2011) ................................................................................................................... 27

*Weisbusch v. County of Los Angeles*,
119 F.3d 778 (9th Cir. 1997) ............................................................................. 14

*Whiteside v. Kimberly Clark Corp.*,
108 F.4th 771 (9th Cir. 2024) ............................................................................ 33

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1117 (C.D. Cal. 2010) ............................................................. 31

**State Cases**

*Burr v. Sherwin Williams Co.*,
42 Cal. 2d 682 (1954) ........................................................................................ 22

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
169 Cal. App. 4th 116 (2008) ............................................................................ 21

*Daugherty v. Am. Honda Motor Co., Inc.*,
144 Cal. App. 4th 824 (2006) ............................................................................ 32

Hauter v. Zogarts, 14 Cal. 3d 104, 114 n.8 (1975) ................................................ 22

*In re Farm Raised Salmon Cases*,
42 Cal. 4th 1077 (2008) ..................................................................................... 19

*Jones v. ConocoPhillips Co.*,
198 Cal. App. 4th 1187 (2011) .......................................................................... 22

*LiMandri v. Judkins*,
52 Cal. App. 4th 326 (1997) .............................................................................. 32

*Morgan v. AT&T Wireless Servs., Inc.*,
177 Cal. App. 4th 1235 (2009) .......................................................................... 27

**Federal Statutes**

21 U.S.C. § § 301 *et seq* ..................................................................... 15

21 U.S.C. § 321(g)(1) ............................................................... 15

21 U.S.C. §§ 331-337a ............................................................. 18

21 U.S.C. § 337........................................................................ 15

21 U.S.C. § 343(r)(6)(C) ......................................................... 15

21 U.S.C. § 379r ...................................................................... 15

**State Statutes**

Cal. Bus. & Prof. Code § 17500, *et seq.*................................. 28

Cal. Civ. Code § 1782(a) ........................................................ 27

Cal. Civ. Code § 1782(d)......................................................... 27

Cal. Com. Code § 2314(2)(e)&(f) ........................................... 25

Cal. Com. Code § 2607(3)(A) ................................................. 20

**Other Statutes**

U.C.C. § 2-313(2)(a), (e) and (f) ............................... 11, 20, 24

U.C.C. § 2-314........................................................... 11, 20, 21

U.C.C. § 2-607......................................................................... 21

**Rules**

Fed. R. Civ. P. 9(b) ................................................................. 31

Fed. R. Civ. P. 12(b)(6) .......................................................... 24

**Regulations**

21 C.F.R. § 101.93(c) .............................................................. 15

21 C.F.R. § 101.93(g)(1) ......................................................... 17

21 C.F.R. § 101.93(g)(2) ......................................................... 17

**Other Authorities**

65 Fed. Reg. 1000................................................................... 17

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff D.O. brings this lackluster First Amended Complaint ("FAC") purportedly in response to 7Tabz Retail, LLC ("7Tabz")'s motion to dismiss his initial complaint. Yet the FAC suffers from the same failures that prompted 7Tabz to move to dismiss his initial complaint. Out of 145 numbered paragraphs in the FAC, only nine are new. Even then, these nine new paragraphs do not cure the defects for which 7Tabz initially moved to dismiss. *See* FAC ¶¶ 67, 79, 87, 94-95, 113, 121-123. Further, Plaintiff's efforts disregard virtually all of 7Tabz' arguments in its motion to dismiss.[1]  Failing to amend his complaint to address arguments raised in 7Tabz' motion to dismiss the initial complaint illustrates the lack of legal basis for his claims.

The premise of Plaintiff's complaint remains the same: 7Tabz' kratom-derived 7-Hydroxymitragynine ("7-OH") products should have included a comprehensive warning for addiction. Plaintiff claims that had 7Tabz' products come with a stronger warning, neither he nor the members of his proposed putative classes would have purchased the products. FAC ¶ 124.[2]  Plaintiff admits that 7Tabz' website warns that its products "may be habit forming." *Id*. ¶ 54. Plaintiff, however, improperly characterizes the warning as "[a] generic, boilerplate disclaimer" that is "*plainly inadequate* for a Product that carries a serious risk of intense addiction and withdrawal – comparable to that of traditional 'hard' opioids." *Id*. ¶ 55 (emphasis supplied).

Regardless of rhetoric, Plaintiff complains that 7Tabz failed to provide warning language relating to a specific disease – addiction. Federal law preempts his claim because the Food and Drug Administration ("FDA"), through the Federal

---

[1] For example, Plaintiff continues to cite to U.C.C. § 2-313(2)(a), (e) and (f), which 7Tabz moved to dismiss on the basis that it does not exist. 7Tabz noted that Plaintiff likely intended to cite to U.C.C. § 2-314 but Plaintiff did not make the correction.

[2] Plaintiff proposes two classes in the FAC. One consists of every person who ever purchased 7Tabz products in the State of California and the other of every person who ever purchased 7Tabz products in the United States. FAC ¶ CLASS ALLEGATIONS.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

Food, Drug, and Cosmetic Act ("FDCA"), has exclusive authority to control warnings and language on a product like the one at issue. Further, the FDCA bars private enforcement, which is what Plaintiff seeks to do. Indeed, FDA has sent warning letters to kratom and kratom-derived, including 7-OH, product manufacturers regarding marketing statements and warnings like those sought by Plaintiff.

Plaintiff's claims fail for seven additional reasons as argued in 7Tabz' first Motion to Dismiss and below. Plaintiff's amendment failed to alter the result.

## II.    BACKGROUND AND PLAINTIFF'S ALLEGATIONS

### A.    PARTIES

Plaintiff admits he used kratom for nine years *prior to* allegedly using 7Tabz' product. FAC ¶ 63. He alleges that an employee of "a local smoke shop" recommended 7Tabz products in March 2024 for relief from a toothache. *Id*.[3] Plaintiff claims he initially consumed half a tablet "intermittently" throughout the day and upped his intake to six full tablets a day by the end of the second week. *Id*. ¶ 64. Plaintiff, "realized by the end of the first week that he was addicted" and, over the next "two weeks, he switched to the 7OHMZ brand" – a product not affiliated with 7Tabz. *Id*. Plaintiff waves away nine years of prior kratom use and subsequent use of third parties' kratom products in favor of 7Tabz liability for two-weeks' use of its products. *Id*. ¶¶ 63, 64.

7Tabz is a Florida Company that markets 7-OH products. 7Tabz refines organic kratom to extract 7-OH. 7Tabz holds its products to rigorous quality control standards and publishes results from independent third-party kratom testing on its website. RJN, Ex. 1 (July 16, 2025, 7Tabz Website – Lab Tests).[4]

---

[3] Plaintiff fails to identify the "local smoke shop" and has provided no evidence of his purchase other than his say-so. In fact, Plaintiff cannot identify any smoke shop that sold 7Tabz products in March 2024 because 7Tabz products were not on the market until May 2024. Plaintiff was provided sworn evidence of these facts during the Local Rule 7-3 meet and confer process that preceded this Motion to Dismiss.  As part of the meet and confer, 7Tabz requested that Plaintiff dismiss the FAC due to the impossibility of his claims, but Plaintiff refused.  *See* Declaration of Seth A. Litman filed contemporaneously herewith.
[4] 7Tabz is concurrently filing a Request for Judicial Notice ("RJN").

### B. KRATOM AND 7-OH'S BACKGROUND

Kratom is a tree native to Southeast Asia, including Thailand, Malaysia, Indonesia, and Papua, New Guinea where indigenous cultures have chewed or brewed tea with the leaves. RJN, Ex. 2 (June 29, 2023, ACS Laboratory, Unraveling Kratom: Historical Roots, Regulations & Medical Potential). Research has identified approximately 54 bioactive compounds in kratom, including naturally occurring alkaloids, mitragynine and 7-OH. RJN, Ex. 3 (April 26, 2022, Zhang M, et al. Plant growth and phytoactive alkaloid synthesis in kratom [Mitragyna speciosa (Korth)], PLoS One). As is typical for products like the ones at issue, in compliance with the FDCA, 7Tabz' labels state that its kratom products are "not intended to diagnose, treat, or cure any disease." *See* FAC ¶ 49.

### C. PLAINTIFF'S VAGUE AND CONTRADICTORY COMPLAINT

Plaintiff relies on California consumer protection law to claim the labeling was inadequate, but the labeling change Plaintiff seeks falls within the purview of FDA. Plaintiff's claim hinges on the allegation that 7Tabz' 7-OH products require a comprehensive addiction warning label because an alkaloid in kratom, 7-OH, produces "opiate-like" effects, and that 7Tabz' 7-OH products are "extremely addictive." FAC ¶¶ 1, 8. Plaintiff alleges he became addicted to 7Tabz' products in two weeks between a nine-year history of using other companies' kratom products. *Id*. ¶¶ 63, 64. Plaintiff nonetheless fails to include as a defendant herein any kratom product manufacturer for kratom products he admits he used other than 7Tabz. And, according to the FAC, he used other kratom products more recently and for longer than he used 7Tabz' product.

Plaintiff, while conceding that 7Tabz' website states that its products "may be habit forming," alleges that 7Tabz "knew or should have known that kratom and kratom-derivative users can develop an addiction" and "failed to disclose 7-OH's addictive potential." *Id*. ¶¶ 42, 44, 54. He then complains the cautionary statement is inadequate because, "[a] generic, boilerplate disclaimer like this is plainly

1    inadequate for a Product that carries a serious risk of intense addiction and

2    withdrawal – comparable to that of traditional 'hard' opioids." *Id*. ¶ 55. Plaintiff's

3    intent here is clear: he wants to dictate the type and strength of addiction warnings

4    7Tabz carries on its products. But enforcement of warnings is squarely within the

5    authority of FDA, and Plaintiff provides no parallel state law that would require such

6    a change.

7    **III.    ARGUMENT**

8         The Court should dismiss any case in which the plaintiff fails to plead a

9    plausible claim. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal

10   can be based on the lack of a cognizable legal theory or the absence of sufficient facts

11   alleged under a cognizable legal theory." *Balistreri v. Pac. Police Dep't*, 901 F.2d

12   696, 699 (9th Cir. 1988) (as amended). "A claim is facially plausible when a plaintiff

13   pleads 'factual content that allows the court to draw the reasonable inference that the

14   defendant is liable for the misconduct alleged.'" *Clark v. California Dep't of Forestry

15   and Fire Prot.*, 212 F. Supp. 3d 808, 811 (N.D. Cal. 2016) (*quoting Ashcroft*, 556

16   U.S. at 678). "[C]ourts do not 'accept as true allegations that are merely conclusory,

17   unwarranted deductions of fact, or unreasonable inferences.'" *Id.* (*quoting In re

18   Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). "And even where

19   facts are accepted as true, 'a plaintiff may plead [him]self out of court' if he 'plead[s]

20   facts which establish that he cannot prevail on his . . . claim.'" *Id.* (*quoting Weisbusch

21   v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997)). Similarly, plaintiffs

22   can plead themselves out of court if they plead a state law-based claim that federal

23   law preempts. *See Oxygenated Fuels Ass'n v. Davis*, 331 F.3d 665, 667 (9th Cir.

24   2003) (affirming district court's dismissal where the state-law claim was preempted

25   by federal law).

26         **A.    PLAINTIFF'S CLAIMS ARE PREEMPTED**

27              **1.    Plaintiff's Claims Are Preempted By FDCA.**

28         Plaintiff's claims are preempted because labeling requirements, warnings, and

THOMPSON HINE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

structure and function claims, like those sought by Plaintiff, fall squarely within the purview of the FDCA and therefore can only be dictated and enforced by FDA. "The Supreme Court has recognized three types of preemption: express preemption, field preemption, and conflict preemption." *Oxygenated Fuels Ass'n*, 331 F.3d at 667. "Field preemption and conflict preemption are both forms of implied preemption." *Id*. at 667-668. Under express preemption, state law may not establish any requirement that is different, in addition or contrary to the FDCA.  21 U.S.C. § 379r. Even where claims are not expressly preempted, the FDCA's enforcement scheme can impliedly preempt individual claims. *Perez v. Nidek Co.*, 711 F.3d 1109, 1119 (9th Cir. 2013). Subject to certain exceptions that do not apply here, "all such proceedings for the enforcement, or to restrain violations, of this Act [21 U.S.C. §§ 301 *et seq.*] shall be by and in the name of the United States." 21 U.S.C. § 337. In other words, "private enforcement of the statute is barred." *Perez*, 711 F.3d at 1119. Despite this clear law, Plaintiff seeks to use state law to enforce the FDCA and require 7Tabz to change its warnings.

The FAC expends great effort to compare kratom and 7-OH products to opioids, a class of highly regulated drugs with heightened risks of addiction. FAC ¶¶ 1-3, 87, 94.  Plaintiff seeks an opioid-like warning and even suggests a warning stating it has "opioid-like effects." *Id*.  ¶ 95.

Adding that type of language and warnings, however, requires making structure and function claims prohibited under the FDCA except for FDA-approved drugs and devices. *See* 21 U.S.C. § 321(g)(1) (defining "drug" to mean "articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease" or articles "intended to affect the structure or any function of the body"). Indeed, FDA requires that kratom products carry the statement that the product is "not intended to diagnose, treat, or cure any disease." 21 C.F.R. § 101.93(c) and 21 U.S.C. § 343(r)(6)(C).  FDA further has warned companies marketing kratom products that their products constituted "new drugs" because they used the exact

- 15 -

warnings and made similar claims to that which Plaintiff seeks to require.[5]

For example, in its July 3, 2023 Warning Letter to Sunshine Trading Company, Inc., FDA sought removal of language from the company's website that stated, "Kratom contains alkaloids such as mitragynine and 7-hydroxymitragynin that acts [sic] on the opioid receptors to produce opioid-like effects," and "[l]ike opioids, users can develop a tolerance and addiction to kratom." RJN, Ex. 4 (July 3, 2023, FDA Warning Letter to Sunshine Trading Company, Inc.) Similarly, a June 30, 2022 Warning Letter from FDA to the company Kratom Exchange criticized language suggesting its product was a drug: "7-hydroxymitragynine that is reported to be more powerful than morphine. However, both kratom alkaloids activate supraspinal mu- and delta-opioid receptors, are the major reasons that the plant reduces withdrawal symptoms as well." RJN, Ex. 5 (June 30, 2022, FDA Warning Letter to Kratom Exchange). Since May 2018, FDA has sent approximately sixteen warning letters to kratom manufacturers regarding improper language similar to that which Plaintiff seeks, and demanding that such language be removed from labels/websites. See, e.g., https://www.fda.gov/news-events/press-announcements/fda-issues-warning-letters-firms-marketing-products-containing-7-hydroxymitragynine.    Thus,    FDA    has already notified companies of FDCA violations where risks of dependency are analogized to opioids. Accordingly, adding Plaintiff's suggested language or warnings would place 7Tabz at odds with FDA and in direct violation of the FDCA.

And, FDA has communicated with 7Tabz. On June 25, 2025, 7Tabz received a Warning Letter from FDA in which it advised that claims that its products contain, "one of the most potent alkaloids" that it "believed [it] to interact with receptors that

---

[5] FDA monitors information in the public domain and sends warning letters identifying violations when encountered. Letters typically remind recipients that it is incumbent on them to investigate all violations and that "[f]ailure to adequately address this matter may result in legal action, including, without limitation, seizure and injunction." RJN, Ex. 4.

may influence mood, energy, or relaxation" were in violation of the FDCA. RJN, Ex. 6 (June 25, 2025, FDA Warning Letter to 7Tabz).  Although not relating to addiction claims, this Warning Letter demonstrates that FDA exercises its authority under FDCA to regulate the 7Tabz' products' labels.

Alternatively, the warning Plaintiff seeks would qualify as a disease claim that is equally prohibited by the FDCA. A "disease" is defined as "damage to an organ, part, structure, or system of the body such that it does not function properly (e.g., cardiovascular disease), or a state of health leading to such dysfunctioning (e.g., hypertension)…" 21 C.F.R. § 101.93(g)(1). A disease claim includes any statement that "(i) [h]as an effect on a specific disease or class of diseases; (ii) [h]as an effect on the characteristic signs or symptoms of a specific disease or class of diseases …or (x) [o]therwise suggests an effect on a disease or diseases." 21 C.F.R. § 101.93(g)2). FDA guidance has further clarified that "dietary supplement labeling that refers to the characteristic signs or symptoms of a specific disease or class of diseases will still be considered to have made an implied disease claim." 65 Fed. Reg. 1000, at 1017. Various federal agencies and other medical organizations have recognized addiction as a disease.[6]

Therefore, a warning label disclosing alleged addictiveness of 7Tabz' products would refer to the disease of addiction and thus be considered a disease claim in violation of the FDCA, even if not expressly stated. Any such claim must be approved by the FDA, and FDA has already rejected the argument that disease disclosures should be permitted prior to approval by FDA so long as truthful in the context of dietary supplements. *See* 65 Fed. Reg. at 1013 ("FDA does not agree that [Dietary Supplement Health and Education Act of 1994] authorizes supplement manufacturers to make implied disease claims without prior review of the claims…and a

---

[6] *See, e.g.*, CDC, *Treatment of Substance Use Disorders* (April 25, 2024), https://www.cdc.gov/overdose-prevention/treatment/index.html, ("Addiction is a disease…A substance use disorder (SUD) is a treatable, chronic disease[.]"; National Institute on Drug Abuse, *Drugs, Brains, and Behavior: The Science of Addiction*, July 2020, https://nida.nih.gov/publications/drugs-brains-behavior-science-addiction/drug-misuse-addiction.

construction of DSHEA that permitted such claims would be fundamentally incompatible with important provisions of the act that were squarely before Congress when it passed DSHEA, including the definitions of "drug" and "new drug" and the health claims provision of NLEA.")

FDA actively exercises its regulatory authority in this space, leaving no room for Plaintiff's attempt to privately enforce the FDCA and impose warnings that constitute new drug claims. FDA identifies language it believes violates the FDCA, notifies companies of their alleged violations, and has the authority to take action if violations are not remedied. FDA may impose monetary penalties, seek injunctions and obtain restitution and disgorgement, seek orders for seizure and condemnation of violating products, and even begin criminal proceedings. *See* 21 U.S.C. §§ 331-337a (laying out prohibited acts and penalties under the FDCA). In fact, FDA has effectively shuttered businesses and prohibited individuals from participating in industries as a result of its enforcement activities.[7]

The FDCA and its progeny preempts the warnings Plaintiff seeks to impose, and Plaintiff's complaint must be dismissed. Now that Plaintiff has had opportunity to amend and these fatal flaws remain, this dismissal should be with prejudice.

## 2. Plaintiff's California Law Claims Are Not Parallel To FDCA Requirements.

Plaintiff alleges his California law-based claims are "parallel" to FDCA and are therefore not preempted. A parallel state-law claim may survive preemption if the conduct is also unlawful under state law independent of the FDCA. *Hope Med. Enters. v. Fagron Compounding Servs., LLC*, No. 2:19-CV-07748-CAS-PLAx, 2021 U.S. Dist. LEXIS 245408, at *4 (C.D. Cal. Apr. 20, 2021). To successfully plead a parallel claim, the claim must "thread a narrow gap . . . to escape preemption by FDCA." *Id*. at *5 (internal quotations omitted). The conduct for which a plaintiff

---

[7] FDA has obtained consent decrees for permanent injunctions against the manufacturer, and leadership, of a medical device manufacturer, a repeat-offender pharmaceutical manufacturer and an ice cream manufacturer. RJN, Ex. 7, FDA News Release Regarding Philips Respironics; RJN, Ex. 8, FDA News Release Regarding Pharmasol; and RJN, Ex. 9, FDA Round Up News Release from March 18, 2025.

brings a claim must violate the FDCA, otherwise it would be expressly preempted because it would create a requirement different from the FDCA, but, at the same time, plaintiff cannot be suing *because* the conduct violates the FDCA, otherwise it would be impliedly preempted *because* there is no private right of action under the FDCA. *Id*.

Plaintiff baldly asserts that his claims are not preempted by the FDCA because they are based on "parallel state law duties that do not impose requirements inconsistent with federal law." FAC ¶ 79. However, this is a conclusory and unsupported allegation. Plaintiff cites *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1089-99 (2008) to argue that "state-law claims premised on misbranding or failure to warn are not preempted where they parallel federal requirements." *Id*. The authority that Plaintiff cites reveals the standard he fails to meet. First, *In re Farm* addressed whether the plaintiff's claims in that case were inconsistent with provisions of the Nutrition Labeling and Education Act ("NLEA").  *In re Farm Raised Salmon Cases*, 42 Cal. 4th at 1085-86. As the court held, the California law used language "identical to" the relevant NLEA amendments to FDCA. *Id*.

Here, Plaintiff does not identify California law identical to the relevant FDCA requirements. Plaintiff fails to identify these identical requirements because California does not have such requirements. Second, Plaintiff neglects to mention that the relevant labeling requirements at issue for *In re Farm* were regarding nutrition labels for food and therefore subject to provisions of the NLEA.  *Id*. at 1085. Therefore, even if Plaintiff could point to applicable identical requirements under NLEA, such requirements would not apply because FDA's warning letters to other kratom companies make it clear FDA regulates the warnings Plaintiff seeks under a framework other than the NLEA. *See supra* III.A.1.  It would be contrary to established law for Plaintiff's claims to survive as parallel claims where, not only would warnings that would satisfy Plaintiff be at odds with the warning letters FDA

has sent, but Plaintiff also fails to identify California law requirements identical to relevant FDA requirements.

Here, the labeling and warnings Plaintiff seeks are not parallel to but at odds with the FDCA's framework. FDA's stance, as evident through its enforcement actions and warning letters makes this clear. For these reasons, this Court should disregard Plaintiff's allegation that his claims are parallel and dismiss his claims with prejudice as preempted.

## B.  PLAINTIFF'S WARRANTY CLAIMS FAIL BECAUSE HE FAILED TO PROVIDE REQUISITE NOTICE AND FAILS TO SUFFICIENTLY ALLEGE THE REQUISITE ELEMENTS.

Aside from being preempted, Plaintiff's warranty claims must be dismissed because he failed to comply with notice requirements and plead the requisite elements under California law. Plaintiff brings a breach of implied warranty claim for himself and a nationwide class. FAC ¶ 115. Plaintiff's breach of implied warranty claim does not cite to any California law. Instead, Plaintiff cites only to the Uniform Commercial Code[8] and brings his implied warranty claims on behalf of a putative nationwide class without alleging which state or states' law applies to his putative class. *See id.* ¶¶ 114-125.

### 1.  Failure To Give Adequate Pre-Suit Notice On A Warranty Claim Is Fatal To The Claim.

Under California law, to recover on a breach of warranty claim, "[t]he buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of any breach *or be barred from any remedy*." Cal. Com. Code § 2607(3)(A) (emphasis added). This notice requirement means "pre-suit notice." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). "The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court. This purpose would be

---

[8] As noted earlier, the FAC cites to U.C.C. § 2-313(2)(a), (e) and (f), which does not exist 7Tabz assumes that Plaintiff intended to cite to U.C.C. § 2-314 governing implied warranties and Plaintiff's lack of attention suggests intent to abandon this claim.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC

completely undermined if it could be satisfied with the giving of post-suit notice." *Id*. at 932 (citation omitted).

Notice given simultaneously with the Complaint fails to satisfy the pre-suit notice requirement, and claims based thereon must be dismissed with prejudice. *Id.* at 932-33 (affirming district court's dismissal with prejudice of plaintiffs' California breach of express and implied warranty claims for failure to satisfy the pre-suit notice requirement, where plaintiffs sent their notice letter simultaneously with the complaint). *See also Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 137 (2008) (reversing judgment on plaintiff's breach of warranty claim where plaintiff did not provide notice to defendant until the lawsuit). "To avoid dismissal of a breach . . . of warranty claim in California, 'buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach.'" *Imagenetix, Inc. v. Frutarom USA, Inc.*, No. 12CV2823-GPC(WMC), 2017 U.S. Dist. LEXIS 41731, at *36-37 (S.D. Cal. Mar. 22, 2017) (citation omitted).

The FAC establishes that Plaintiff failed to give proper notice in this case, requiring dismissal of this claim with prejudice. Plaintiff's FAC continues to allege that on "May 13, 2025 . . . , Defendant was served with a pre-suit notice letter on behalf of Plaintiff" that purportedly "complied in all respects with U.C.C. §§ 2-314 and 2-607." FAC ¶ 125. May 13, 2025 is the same day Plaintiff filed his initial complaint. Sending a notice when filing a complaint is insufficient and cannot be cured. Plaintiff stands by this allegation now knowing it is fatal. Similarly, while Plaintiff alleges he provided notice of a breach of warranty within a reasonable time following its discovery; the FAC admits he only alleges he sent a letter on the day he filed his Complaint, and over a year after realizing the alleged addiction of which he now complains. *Id*. ¶¶ 64, 112.

For these reasons, under California law, Plaintiff's breach of warranty claims must be dismissed with prejudice.

### 2. Plaintiff And His Putative Nationwide Class Lack Privity To Support An Implied Warranty Claim.

Even if Plaintiff's warranty-claim notice were deemed sufficient, it still fails. To the extent his warranty claim is based on California law,[9] Plaintiff lacks the requisite privity under California law. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (a plaintiff bringing an implied warranty claim "must stand in vertical contractual privity with the defendant.") "Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer." *Id.* For his claim, Plaintiff relies on "Defendant's contract with Plaintiff and the Nationwide Class." FAC ¶ 117. No such contract exists. Plaintiff visited "a local smoke shop" where he allegedly purchased an unspecified 7Tabz product. *Id.* ¶ 63. Plaintiff purchased product from a retailer and plainly lacks the requisite "vertical contractual privity" with 7Tabz to impose liability for a breach of warranty.

To get around this lack of privity, Plaintiff now alleges that he is exempt from privity requirements because the product was "designed for ingestion (i.e., they are foodstuffs or supplements intended for human consumption) but are dangerous when used." FAC ¶ 122. Plaintiff alleges privity is not required because he is a foreseeable third-party beneficiary of the warranty between 7Tabz and the retailer from which Plaintiff made his purchases. *Id.* ¶ 123. Plaintiff fails to cite any California law to support either allegation.[10]

To the extent Plaintiff intends to rely on the case law foodstuffs exemption found in *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954) and its progeny,

---

[9] Plaintiff's implied warranty claim fails to cite to the applicable California law or any specific law for that matter even in his Amended Complaint.

[10] Indeed, California law creates various exemptions to the privity requirement, but none apply here. *See Jones v. ConocoPhillips Co.*, 198 Cal. App. 4th 1187, 1201 (2011) (noting additional exemptions to the privity requirement for warranty claims, including where an inherently dangerous instrumentality causes injury to buyer's employee; where foodstuffs, drugs and pesticides are involved; and where substances are marketed with the knowledge that the ultimate consumer may not be the purchaser); and *Hauter v. Zogarts*, 14 Cal. 3d 104, 114 n.8 (1975) (noting a privity exemption for an implied warranty claim where the plaintiff is a member of the purchaser's family).

it is inapplicable and fails for two reasons. First, to support a claim for implied warranty, a plaintiff must allege that the product itself is not safe for human consumption or is contaminated or contains foreign objects. *Thomas v. Costco Wholesale Corp.*, No. 12-cv-02908-BLF, 2014 U.S. Dist. LEXIS 159475, at *6 (N.D. Cal. Nov. 12, 2014). Second, the foodstuffs privity exemption does not apply where plaintiff claims the labeling is misleading. *Shin v. Sanyo Foods Corp. of Am.*, 348 F.R.D. 477, 488 (C.D. Cal. 2025) (the privity exemption does not apply where plaintiff claims the product contained unexpected ingredients); and   *Collyer v. Catalina Snacks Inc.*, 712 F. Supp. 3d 1276, 1289 (N.D. Cal. 2024) (dismissing with prejudice implied warranty claims finding the privity exemption for foodstuffs does not apply where plaintiff claims that the label doesn't match the expected ingredients). Plaintiff does not allege any facts to support the foodstuffs privity exemption. Under Plaintiff's implied warranty claim, he only alleges the packaging and labeling was inadequate and misleading because it lacked warnings. FAC ¶ 117. He never alleges the product is unsafe for human consumption or contaminated. Therefore, the foodstuffs privity exemption is inapplicable.

Similarly, Plaintiff's third-party beneficiary privity exemption is inapplicable. The third-party beneficiary privity exemption for implied warranty claims is an exception used in limited circumstances by a few courts. *See Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1010 (S.D. Cal. 2021) (noting that published California opinions have not applied a third-party beneficiary privity exemption "in the context of a consumer claim against a product manufacturer."). The case from which the theory has gained the most traction was a highly fact-specific scenario where a building owner making a claim against a roofing sub-contractor and the owner was clearly the beneficiary between the contractor and roofing subcontractor. *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1011 (S.D. Cal. 2021) (*discussing Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69-70 (1978)). Plaintiff's mere assertion that he is "a foreseeable third-party beneficiary

of the warranty" between parties is not enough. FAC ¶ 123; *Corbett*, 544 F. Supp. 3d 996, 1011 (S.D. Cal. 2021) (holding plaintiff's allegation that he "otherwise expected to be the third-party beneficiaries of Defendant's contracts . . . does not satisfy the pleading requirement for a third party beneficiary exception.") Here, Plaintiff does not have the same type of relationship with 7Tabz. Plaintiff did not have a contract with the unnamed smoke shop that caused the smoke shop to enter a separate contract with 7Tabz. Thus, Plaintiff's relationship with 7Tabz is more analogous to the instances where courts have declined to extend the third-party beneficiary exemption and for that reason this Court should decline to extend it here. Accordingly, Plaintiff's warranty claims fail for these reasons too.

### 3. Plaintiff Fails To State An Implied Warranty Claim Because There Is No Agreement Between 7Tabz And Plaintiff, Including The Putative Nationwide Class, Nor Does Plaintiff Allege Affirmations On The Packaging To Which 7Tabz Did Not Conform.

Plaintiff's Complaint appears to allege three independent bases for his breach of implied warranty claim:  (1) the products could not pass without objection in the trade under the contract description; (2) the products were not adequately contained, packaged and labeled per 7Tabz' contract with Plaintiff and the Nationwide Class members; and (3) the Products do not conform to the implied affirmations of fact made on the marketing and packaging for the Products. FAC ¶ 117.  Plaintiff cites the non-existent U.C.C. § 2-313(2)(a), (e) and (f) in support.

Rule 12(b)(6) requires more than a recitation of the required elements of a breach of implied warranty claim, and Plaintiff's naked assertion that the 7Tabz products "could not pass without objection in the trade under the contract description," without more, is insufficient. *See*, *e.g.*, *Guzzetta v. Ford Motor Co.*, No. 221CV09151MEMFPVCX, 2022 WL 18674949, at *7 (C.D. Cal. Nov. 29, 2022) (granting motion for judgment on pleadings as to breach of implied warranty where plaintiff merely recited the elements of the claim).

1    Under California law, a breach of the implied warranty may also be stated for
2   a product that is not "adequately contained, packaged, and labeled *as the agreement*
3   *may require*" and failure of a product to "[c]onform to the promises or affirmations
4   of fact made on the container or label *if any*." *See* Cal. Com. Code § 2314(2)(e)&(f)
5   (emphasis added). As discussed above, there is no "agreement" between Plaintiff and
6   7Tabz. Plaintiff also fails to identify any affirmation on the packaging on which he
7   relied upon and on which 7Tabz did not deliver. Plaintiff alleges that 7Tabz
8   "impliedly warranted that 7-OH is not addictive" because it did not disclose
9   otherwise on its packaging. FAC ¶ 116. However, a plaintiff must identify the
10  affirmative statement that gives rise to the breach of implied warranty claim. *Lam v.*
11  *General Mills, Inc*., 859 F. Supp. 2d 1097, 1106 (N.D. Cal. 2012) (dismissing an
12  implied breach of warranty claim where plaintiff could not point to any affirmative
13  statement that defendant failed to meet).

14   Here, Plaintiff merely alleges that "the Products do not conform to the implied
15  affirmations of fact . . . that the Products are not addictive, are not potentially
16  addictive, and do not cause withdrawals." FAC ¶ 117. But even a breach of implied
17  warranty claim based on an implied promise requires an affirmative statement that
18  was unmet. *See*, *e.g.*, *James v. Chocmod USA Inc.*, 773 F. Supp. 3d 945, 962 (E.D.
19  Cal. 2025) ("Truffettes de France" statement on front label was an implied promise
20  that the truffles were made in France).

21   This Court should dismiss Plaintiff's California law-based implied warranty
22  claims for the further reasons that Plaintiff does not and cannot plead any vertical
23  privity nor does Plaintiff sufficiently state a claim for breach of the implied warranty
24  under California law. Because Plaintiff's FAC continues to suffer from these same
25  defects, this Court's dismissal should be with prejudice.

26
27
28

### 4. Plaintiff's Putative Nationwide Claim Fails Because It Cites No Supporting Authority.

Plaintiff's breach of implied warranty allegation on behalf of a nationwide class also fails because the Court cannot analyze whether the claim has been properly pled. *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) ("In order for the Court to determine whether a claim has been adequately pled, Plaintiffs must allege the applicable law [and] . . . failure to identify which state laws govern their common law claims means the claims brought on behalf of the nationwide class have not been properly pled."). "Neither the Defendant nor the Court should have to speculate as to the legal basis for a claim particularly when assessing whether claims on behalf of a nationwide class should be dismissed." *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1174 (S.D. Cal. 2024) (dismissing nationwide claims for purported breach of implied warranty where the plaintiff failed to allege which state laws applied to the claim).

This is particularly true where "there are material differences between California warranty law and all the other states' warranty laws, as to various elements including privity, reliance, notice, etc." *Vinci v. Hyundai Motor Am.*, No. SA CV 17-0997-DOC (KESx), 2018 U.S. Dist. LEXIS 139979, at *20 (C.D. Cal. Apr. 10, 2018); *see also Darisse v. Nest Labs, Inc.*, No. 5:14-cv-01363-BLF, 2016 U.S. Dist. LEXIS 107938, at *28 (N.D. Cal. Aug. 15, 2016) (finding differences in privity, reliance, and notice for express warranty between all fifty states, as well as privity, notice, and availability for class actions for implied warranties of merchantability and fitness for a particular purpose between all fifty states). "Thus, there are material conflicts between California warranty law and the warranty law of the other forty-nine states." *In re Hitachi TV Optical Block Cases*, No. 08cv1746 DMS (NLS), 2011 U.S. Dist. LEXIS 135, at *17 (S.D. Cal. Jan. 3, 2011).

This Court should dismiss Plaintiff's nationwide implied warranty claims because Plaintiff does not allege any applicable state law. Moreover, with significant

1  material differences in each state's applicable law, a nationwide class cannot be

2  properly maintained on this legal theory. Accordingly, Plaintiff's nationwide implied

3  warranty claim must be dismissed.

### C. PLAINTIFF'S CLRA CLAIMS FAIL BECAUSE HE DID NOT PROVIDE THE REQUISITE 30-DAY NOTICE.[11]

4

5  The Consumer Legal Remedies Act ("CLRA") requires that "[t]hirty days or

6  more prior to the commencement of an action for damages . . . the consumer shall"

7  notify the party responsible for the allegedly unlawful activity and demand that the

8  party rectify it. Cal. Civ. Code § 1782(a). Not complying with this notice

9  requirement, including sending notice concurrent with filing a complaint, is grounds

10  for dismissal. Where, as here, the plaintiff fails to give notice before seeking

11  damages, this "'necessitates dismissal *with prejudice*, even if a plaintiff later gives

12  notice and amends.'"  *Waller v. Hewlett Packard Co.*, No. 11CV0454-LAB RBB,

13  2011 WL 6325972, at *5 (S.D. Cal. Dec. 16, 2011) (*quoting Cattie v. Wal-Mart

14  Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007)) (emphasis added).   In

15  contrast, where the plaintiff originally *seeks only injunctive relief*, for which no notice

16  is required, and later sends a notice letter and amends the complaint to *seek damages*

17  under the CLRA, the plaintiff can amend in those circumstances. *Id.* (*citing* Cal. Civ.

18  Code § 1782(d) and *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235,

19  1260 (2009) (plaintiffs not required to provide notice before filing because they did

20  not seek damages under the CLRA)).

21  Plaintiff's original and Amended Complaint seek damages and injunctive

22  relief under the CLRA among other relief.  *See* Compl. ¶ 113 & FAC ¶ 113.

23  Plaintiff's allegations show he did not comply with the notice requirement.  Because

24  his CLRA notice was sent on May 13, 2025, the day of the filing. FAC ¶ 112.

25  Plaintiff's FAC assumes that his notice was timely and alleges that 7Tabz has failed

26  to take corrective within 30 days. FAC ¶ 113. Because Plaintiff continues to allege

27

28  ───────────

[11] Plaintiff's CLRA claims fail for other reasons addressed below. *Infra* §§ G, H.

1
2
3
he provided the CLRA notice on the same day he filed this Complaint, the requisite 30-day notice was not properly provided and this Court should dismiss Plaintiff's CLRA claims with prejudice.

4
### D.   PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A FALSE ADVERTISING LAW CLAIM

5
6
7
8
Plaintiff brings his False Advertising Law ("FAL") claims (Cal. Bus. & Prof. Code §17500, *et seq.*), alleging deceptive and misleading trade practices because, "Defendant failed to disclose that 7-OH is addictive, or carries a risk of addiction," on its packaging. FAC ¶ 92.

9
10
11
12
13
14
15
California law is clear that an omission alone cannot be the basis for a FAL claim. *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1170 (C.D. Cal. 2023). A "FAL claim is not cognizable when based solely on an omission of material information." *Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 907-08 (E.D. Cal. 2018). Where a FAL claim is based on an omission, a plaintiff must "identify an actual affirmative statement . . . that was made false by the omission of some material fact." *Id.* at 908.

16
17
18
19
20
21
22
23
24
25
The FAC alleges no statement by 7Tabz that was false due to the omission of a material fact. Despite being alerted to this deficiency by way of the earlier motion to dismiss, Plaintiff still does not allege that 7Tabz marketed its products as free from the risk of addiction. Indeed, Plaintiff does not make this allegation because 7Tabz never marketed its product as free from the risk of addiction. To the contrary, Plaintiff concedes that 7Tabz' website states that 7Tabz' products "may be habit forming," FAC ¶ 54. Because Plaintiff does not point to any advertising language regarding the risk of addiction that was made false by the alleged omission, even after having the opportunity to amend his complaint to include such an allegation, this Court should dismiss the FAL claim with prejudice.

26
27
28

1
2

### E.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS UNDER CALIFORNIA LAW AND IS NOT PROPERLY ALLEGED TO SUPPORT A NATIONWIDE CLASS.

3
4
5
6
7
8

Plaintiff alleges 7Tabz has been unjustly enriched because it retained revenues from the sale of its products to the nationwide class without a comprehensive addiction warning. FAC ¶ 130. Plaintiff continues to bring this unjust enrichment claim on behalf of a putative nationwide class without identifying the applicable unjust enrichment law for his putative nationwide class, despite having amended his complaint. *See id*. ¶¶ 126-136.

9
10
11
12
13
14
15

 "[T]here is not a standalone cause of action for 'unjust enrichment'" under California law. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *Callaghan v. BMW of N. Am., LLC*, No. 13-cv-04794-JD, 2014 U.S. Dist. LEXIS 164290, at *12 (N.D. Cal. Nov. 21, 2014) (dismissing an unjust enrichment claim brought under California law). Thus, Plaintiff can make no allegation that would save an unjust enrichment cause of action from dismissal. Therefore, the Court should dismiss this claim with prejudice.

16
17
18
19
20
21
22
23
24
25
26

Plaintiff further attempts to bring an unjust enrichment claim on behalf of a putative nationwide class. For the Court to determine whether a claim has been adequately pled, Plaintiff must allege the applicable law. *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 U.S. Dist. LEXIS 15868, at *34 (N.D. Cal. Feb. 8, 2016). Where Plaintiff does not do so, the claim must be dismissed. *Vitiosus v. Alani Nutrition, LLC*, No. 21-cv-2048-MMA (MDD), 2022 U.S. Dist. LEXIS 118090, at *39-40 (S.D. Cal. July 5, 2022) (dismissing Plaintiffs' breach of express warranty and unjust enrichment causes of action for the defect of failing to plead any applicable state law). Plaintiff cannot bring a claim on behalf of a nationwide class without pleading the law applicable to class members. As a result Plaintiff's nationwide unjust enrichment claims must be dismissed.

27
28

## F.   PLAINTIFF LACKS STANDING FOR INJUNCTIVE RELIEF

Plaintiff seeks to enjoin 7Tabz from continuing the purported unlawful practices "as set forth herein" and requiring 7Tabz to seek out and pay damages to the class members. FAC¶ WHEREFORE(d). The FAC generally alleges unlawful practices through omissions or misleading labeling or marketing. However, Plaintiff lacks standing for injunctive relief for two reasons.

First, to have standing to pursue injunctive relief, a plaintiff "must demonstrate a concrete injury and a realistic likelihood that the injury will be repeated." *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1141 (C.D. Cal. 2021) (quoting *Taylor v. Westly*, 488 F.3d 1197, 1199 (9th Cir. 2007). Plaintiff's FAC does not realistically allege he is in danger of continued use of the products at issue for reasons related to his allegations. Plaintiff alleges he purchased 7Tabz' products that "included no warnings about addiction or dependency" and realized by the end of the first week he had become addicted. FAC ¶¶ 63, 64. Plaintiff alleges he would not have purchased the product if it warned of addiction. *Id*. ¶ 66. Plaintiff attempts to save his injunctive relief claim on the speculative basis that he "may relapse" due, in part, to "the lack of clear or sufficient addiction warnings." *Id*. ¶ 67. Plaintiff alleges his purported injury was caused by a failure to warn. He cannot relapse into forgetting what he now knows regarding the risks of dependency. For this reason, there is no realistic likelihood that Plaintiff's injury will be repeated. Second, and particularly critical here, where a plaintiff claims knowledge of a purported falsehood, a plaintiff must allege he "intends to purchase the products at issue in the future" to maintain standing. *Romero v. HP, Inc.*, No. 16-CV-05415-LHK, 2017 U.S. Dist. LEXIS 11859, at *25 (N.D. Cal. Jan. 27, 2017). He does not allege he relied on a falsehood and intends to continue purchasing the product. He speculates that he "may relapse" and purchase the product, but this is different than intending to purchase the product. Further illustrating he does not intend to purchase the product, Plaintiff concedes he "switched to the 7OHMZ brand." *Id*. ¶ 64.

1   Plaintiff has not alleged a realistic likelihood that he will experience his
2   purported injury again nor has he alleged that he intends to continue purchasing the
3   product. The Court should dismiss his claim for injunctive relief with prejudice.

### G.   PLAINTIFF'S FRAUD-BASED CLAIMS FAIL BECAUSE THEY LACK THE REQUISITE PARTICULARITY UNDER RULE 9(B)

4
5   Plaintiff's claims sounding in fraud, including fraudulent omission, Unfair
6   Competition Law ("UCL"), FAL, and CLRA, should be dismissed because they were
7   not pled with sufficient specificity as required by Federal Rule of Civil Procedure
8   9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying
9   Rule 9(b) to fraud-based claims under the CLRA and UCL); and *Yumul v. Smart*
10   *Balance, Inc.*, 733 F. Supp. 2d 1117, 1122 (C.D. Cal. 2010) (claims under
11   California's FAL are grounded in fraud). Plaintiff must allege the "who, what, when,
12   where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124 (internal
13   quotations omitted). "The plaintiff must set forth what is false or misleading about a
14   statement, and why it is false.'" *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018,
15   1030 (N.D. Cal. 2010) (citation omitted).

16   Plaintiff continues to assert conclusory allegations that 7Tabz engaged in
17   "false, misleading, deceptive, and negligent sales practices," FAC ¶ 1, but does not
18   and cannot point to a single false, misleading, deceptive or negligent statement it
19   made. Plaintiff alleges "misleading statements," "misleading advertising," and
20   "misleading packaging and marketing," *Id.* ¶¶ 49, 58, 61, but fails to identify what
21   those misleading items were and why those statements were purportedly false.
22   Indeed, 7Tabz highlighted these same flaws in the earlier motion to dismiss.
23   Plaintiff's FAC fails to cure these flaws.

24   Further, to the extent Plaintiff intends to save these claims on a fraudulent
25   omission theory, his claim continues to fail. To pass muster under Rule 9(b) for a
26   fraud by omission claim, a plaintiff must properly, "describe the content of the
27   omission and where the omitted information should or could have been revealed, as
28   well as provide representative samples of advertisements, offers, or other

representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Eisen v. Porsche Cars N. Am., Inc.*, No. CV 11-9405 CAS (FEMx), 2012 U.S. Dist. LEXIS 116836, at *9 (C.D. Cal. Feb. 22, 2012). But still, the omission "must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835 (Cal. Ct. App. 2006). Plaintiff has not alleged, even after amending his complaint, any 7Tabz representation that meets these requirements. Instead, Plaintiff levies allegations against advertising practices by other unidentified kratom manufacturers. Finally, as noted above, 7Tabz never made a representation that its products carried no risk of dependence. As Plaintiff concedes, 7Tabz' website states that 7Tabz' products "may be habit forming." FAC ¶ 54.

Even then, an alleged omission is only actionable in four scenarios: (1) when defendant has a fiduciary relationship with plaintiff; (2) when "defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when defendant actively conceals a material fact from the plaintiff; and (4) when defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). As to the first and third scenarios, Plaintiff does not allege that 7Tabz had a fiduciary relationship with him or that 7Tabz actively concealed material facts. Thus, the second and fourth scenarios require a closer analysis, but still reach the same conclusion. There is no actionable omission.

Plaintiff must allege that "defendant had exclusive knowledge" of material facts. *Id*. at 336. Plaintiff's own FAC shows that this is not true. Plaintiff cites two studies from 2016, one from 2017, and two from 2020 that contain information related to the information he claims was fraudulently omitted. FAC ¶¶ 3 n.4, 23 n.7, 25 n.9. Plaintiff also cites unsubstantiated posts from Reddit, a social media platform, to bolster his claims, but omits that the same "subreddit" from which he obtained the posts is titled "r/quittingkratom" and was created on July 11, 2013. Plaintiff cannot

in good faith say the warnings he seeks to impose on the labeling were exclusively in the possession of 7Tabz when he cites public forums in his Complaint where it was discussed years before he claims he was addicted. For these reasons, Plaintiff's fraud-based claims should be dismissed with prejudice.

### H. PLAINTIFF'S CONSUMER-PROTECTION BASED CLAIMS FAIL BECAUSE 7TABZ PROPERLY DISCLOSED THE RISKS

Plaintiff's Complaint alleges several causes of action under California consumer protection statutes – the UCL, FAL, and CLRA. *See* FAC ¶¶ 80-89, 90-101, and 102-113. Plaintiff alleges that 7Tabz committed "unlawful, fraudulent, and/or unfair business practices under the UCL by" representing product characteristics that did not exist, adverted without intent to sell goods as advertised, selling substances with a potential for addiction without disclosing same. *Id.* ¶ 83. Plaintiff alleges that 7Tabz advertising was misleading under FAL because the packaging did not include addiction warnings. *Id.* ¶ 92. Plaintiff alleges 7Tabz violated various CLRA provisions by not disclosing risks of addiction. *Id.* ¶ 108. Plaintiff alleges that the risks disclosed on the label would be interpreted as "caffeine-like or benign psychological dependence" and that the warning language appears on a "minority" of products or "buried" on its website. *Id.* ¶ 87, 94.

Plaintiff's California consumer protection statute-based claims are governed by the reasonable consumer test.[12] *See, e.g.*, *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) ("claims under the California consumer-protection statutes are governed by the 'reasonable consumer' test"). "[T]he reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled'" by the defendant's claims. *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777-78 (9th Cir. 2024). "A plaintiff cannot pursue a

---

[12] Because Plaintiff's claims rely on allegations of false and misleading representations, a court may jointly consider these claims. *Seldin v. HSN, Inc.*, No. 17-cv-2183-AJB-MDD, 2018 U.S. Dist. LEXIS 124719, at *10 (S.D. Cal. July 25, 2018) ("As the UCL, CLRA, and FAL claims alleging false and misleading misrepresentations overlap in both scope and elements, courts often consolidate the claims when considering a motion to dismiss.").

claim based on a statement that can only be misleading when the information surrounding it is ignored." *Bobo v. Optimum Nutrition, Inc.*, No. 14CV2408 BEN (KSC), 2015 U.S. Dist. LEXIS 187233, at *9 (S.D. Cal. Sep. 11, 2015). "While a reasonable consumer may not inspect the finest of print to clarify a misleading statement, a reasonable consumer . . . cannot look at only one statement to the exclusion of everything else and claim he has been misled." *Id.* at *12.

Plaintiff's claims fail because Plaintiff, who has a nine-year history of kratom use, simply whiffs in trying to meet the requirements of these statutes. He does not allege that a reasonable consumer could be misled or how they could be misled. And, in fact, the opposite is true in that 7Tabz provided accurate information and resources. 7Tabz' website states that 7Tabz' products "may be habit forming," which Plaintiff concedes. FAC ¶ 54. 7Tabz' website further advises consumers that the FDA website contains information regarding kratom and links to the FDA's kratom information page. RJN, Ex. 10 (July 16, 2025, 7Tabz Website – Lab Tests & Disclaimer). Plaintiff alleges that warning language only appears on a "minority" of products or "buried" on its website. FAC ¶ 94. While Plaintiff does not identify this "minority" of products or what language is missing from the products not in the minority, Plaintiff does not refute that warnings are available on 7Tabz' website. Indeed, Plaintiff makes no colorable claim that a reasonable consumer would ignore the context of the warning language included.

So not only does Plaintiff fail to properly allege that a reasonable consumer could be misled or that a reasonable consumer would ignore the available warning, but information about the products' potential addictive qualities and general product information from FDA are disclosed and a click or two away.

Because Plaintiff does not properly allege, despite having amended his complaint, that a reasonable consumer, acting reasonably in these circumstances, could have been misled and Plaintiff himself concedes that 7Tabz did provide

warnings regarding possible dependency this Court should dismiss Plaintiff's consumer protection-based claims with prejudice.

## IV.    CONCLUSION

Plaintiff here seeks to privately enforce the FDCA. His claims are preempted because the labeling Plaintiff seeks for 7-OH products falls squarely within the purview of the FDCA and can be enforced only by the FDA. This alone is reason to dismiss Plaintiff's FAC. But even beyond preemption, Plaintiff's claims contain fatal flaws as articulated above. Further, the FAC fails to cure any of these defects. For these reasons, this Court should dismiss Plaintiff's FAC with prejudice.

Dated:  October 6, 2025          Kim S. Sandell
                                 THOMPSON HINE LLP


                            By:  */s/Kim S. Sandell*
                                 Kim S. Sandell


                                 Attorneys for Defendant 7Tabz Retail,
                                 LLC, doing business as 7Tabz